Robert C. Ryan, Esq.
Nevada Bar No. 7164
Jerry M. Snyder, Esq.
Nevada Bar No. 6830
HOLLAND & HART LLP
5441 Kietzke Lane
Second Floor
Reno, NV 89511
Phone: (775) 327-3000
Fax: (775) 786-6179
*Attorneys for Plaintiff
Veterinary Ventures, Inc.*



# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VETERINARY VENTURES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARRY FARRIS dba SIERRA BIOSCIENCE, LLC,<br><br>Defendants. | CASE NO.: 3:09-CV-00732-RCJ-VPC<br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed**

1.  This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Order, as well as to any

1  copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded
2  information containing, reflecting, or disclosing such information.

3  **Designation and Maintenance of Information**

4      2.    For purposes of this Protective Order, (a) the "Confidential Information"
5  designation shall mean that the document contains a trade secret or other confidential technical
6  or business information, or other information required by law or agreement to be kept
7  confidential and (b) the "Confidential Attorney Eyes Only" designation shall mean that the
8  document contains information that the producing party deems especially sensitive, which may
9  include, but is not limited to, (i) confidential research and development information, (ii) highly
10 sensitive business, financial, sales, or marketing information, (iii) technical information
11 relating to any present or future products, (iv) any other technical information that a
12 designating party regards as highly sensitive, or (v) information relevant to or capable of being
13 utilized for the preparation or prosecution of a patent application dealing with such subject
14 matter. Confidential Information and Confidential Attorney Eyes Only Information does not
15 include, and this Protective Order shall not apply to, information that is already in the
16 knowledge or possession of the party to whom disclosure is made unless that party is already
17 bound by agreement not to disclose such information, or information that has been disclosed to
18 the public or third persons in a manner making such information no longer confidential,
19 provided the producing party can meet the burden of establishing the fact of lack of prior
20 knowledge or possession by adequate prior documentary evidence.

21     3.    Documents and things produced during the course of this litigation within the
22 scope of paragraph 2 (a) above, may be designated by the producing party as containing
23 Confidential Information by placing on each page and each thing a legend substantially as
24 follows:

25 ///
26 ///
27 ///
28 ///

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within such thirty (30) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

///

**Inadvertent Failure to Designate**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential and/or privileged within ten (10) days of the discovery of such inadvertent designation or production. Such failure shall be corrected by providing written notice of the error and substitution copies of the inadvertently produced documents or things. Any party receiving such inadvertently unmarked or improperly marked documents or things shall make reasonable efforts to retrieve documents and things distributed to persons not entitled to receive such Confidential Information. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the consultation required under Local Rule 26-7, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order. The burden of establishing that any designation is correct lies with the producing party.

**Disclosure and Use of Confidential Information**

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of this litigation, including settlement negotiations, preparation, trial, and appeal. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent

4

application, for patent licensing or for any other purpose, except as may be required by law. Confidential information or Confidential Attorney Eyes Only Information may be disclosed to the Court, court reporters, and court personnel in the above-captioned litigation; provided it is disclosed under seal or in accordance with the Local Rules.

7. Subject to paragraph 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) or (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. Subject to paragraph 9 and 10 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) non-attorney supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals to whom counsel for the party designating the material has agreed in writing that the material may be disclosed.

9. In the event the receiving party is proceeding in this action *pro se*, the *pro se* party shall not be allowed access to materials or things designated by the producing party as Confidential Attorney Eyes Only Information. Subject to paragraph 10, the *pro se* party may move to request that the Court perform an *in camera* review of materials designated Confidential Attorney Eyes Only Information to determine if it is necessary to disclose the

1  materials to the *pro se* party's expert. Otherwise, it is deemed sufficient for the Court to take
2  into consideration any information in the reviewed materials supporting the *pro se* party's
3  claims.

4  10.  Prior to disclosing Confidential Information or Confidential Attorney Eyes Only
5  Information as provided in paragraphs 7 and 8 above, respectively, the receiving party shall
6  provide to the producing party a signed Confidentiality Agreement in the form attached as
7  Exhibit A signed by the proposed individual to whom a disclosure will be made, the resume or
8  curriculum vitae of the proposed expert or consultant, the expert or consultant's business
9  affiliation, and any current and past consulting relationships in the industry. The producing
10  party shall thereafter have ten (10) business days from receipt of the Confidentiality
11  Agreement to object to any proposed individual. Such objection must be made for good cause
12  and in writing, stating with particularity the reasons for objection. Failure to object within ten
13  (10) business days shall constitute approval. If the parties are unable to resolve any objection,
14  the receiving party may apply to the Court to resolve the matter. There shall be no disclosure
15  to any proposed individual during the ten (10) business day objection period, unless that period
16  is waived by the producing party, or if any objection is made, until the parties have resolved
17  the objection, or the Court has ruled upon any resultant motion.

18  11.  Counsel shall be responsible for the adherence by third-party vendors to the
19  terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining
20  a signed Confidentiality Agreement in the form attached as Exhibit B.

21  12.  Confidential Information or Confidential Attorney Eyes Only Information may
22  be disclosed by a receiving party to a person, not already allowed access to such information
23  under this Protective Order, if counsel for the designating party agrees that the material may be
24  disclosed to the person. A party may disclose its own confidential information to non-parties
25  as it sees fit and may disclose the opposing party's confidential information to any officer,
26  director, employee, attorney, or agent of that opposing party. In the event of disclosure under
27  this paragraph, only the person, his or her counsel, and other persons to whom disclosure may
28  be made, and who are bound by the Protective Order, may be present during the disclosure or

discussion of Confidential Information or Confidential Attorneys Eyes Only Information. Disclosure of material pursuant to this paragraph shall not, by itself, constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

13. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court**

14. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

15. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information or Confidential Attorneys Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order

7

shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

17. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

18. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully preserved.

19. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**IT IS SO ORDERED**

Dated: This 30th day of June, 2010.

*Valerie P. Cooke*

United States Magistrate Judge

8